IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sammie Latroy Wells, Jr., #104831776,<br><br>Plaintiff,<br><br>vs.<br><br>Sgt. Richardson, Sheriff Anthony Dennis, Officer Marquez, Capt. Blanding, Lieutenant Cory Tomlin, Nurse Abraham, and Dr. Heyward,<br><br>Defendants. | C/A No.: 1:19-2344-RBH-SVH<br><br><br><br>ORDER AND NOTICE |

Sammie Latroy Wells, Jr. ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his civil rights against Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is a pretrial detainee at Sumter-Lee Regional Detention Center ("Detention Center"). [ECF No. 1 at 3]. He alleges on or about July 1, 2019, Defendants Officer Marquez ("Officer") and Lieutenant Cory Tomlin ("Lieutenant") placed him in a cell without first inspecting the conditions of the

cell. *Id.* at 6. He claims the cell contained a broken aluminum mirror with a sharp edge. *Id.* at 6. He maintains that on July 25, 2019, at approximately 1:30 AM, he sustained a cut to his left index finger after leaning it against the sharp edge of the mirror while using the bathroom. *Id.* at 9. He states Nurse Abraham ("Nurse") responded, but walked away from his door and threatened to leave him in his cell if he did not stop crying and to "return the favor" if he filed a lawsuit. *Id.* at 7. He claims he was subsequently transported to a local hospital, where he received repair for an injured artery and 10 stitches. *Id.* at 10.

Plaintiff alleges Captain Blanding ("Captain") was in charge of all housing units and failed to maintain cells within the solitary unit. *Id.* He maintains Sheriff Anthony Dennis ("Sheriff") was responsible for all staff and operations within the jail and failed to properly instruct employees as to safety and civil rights practices. *Id.* at 6. He claims Sergeant Richardson ("Sergeant") kept him in solitary housing following his 15-day sentence without providing an explanation and that he was injured during this period. *Id.* at 7. He alleges Dr. Heyward ("Doctor") refused to provide him mental health and medical treatment. *Id.* at 7.

Plaintiff asserts causes of action for violation of due process and cruel and unusual punishment and requests the court mandate the safety of each cell and award damages in the amount of $1.2 million. *Id.* at 6.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

3

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege he was injured by "the deprivation of

---

[1] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to

4

any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

1. Deliberate Indifference

Because Plaintiff is a pretrial detainee, the rights he asserts stem from and are properly evaluated under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Plaintiff's rights under the Fourteenth Amendment are at least as great as Eighth Amendment protections available to prisoners. *Martin*, 849 F.2d at 870.

The standard for determining whether detention center officials have violated a pretrial detainee's right to due process is deliberate indifference. *See Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Thus, Plaintiff must show Defendants acted with deliberate indifference. *See Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). To show deliberate indifference, an inmate must establish two requirements: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S.

---

victims if such deterrence fails.

5

825, 834 (1994); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Objectively, the court must assess "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original); *see also* Anderson v. Kingsley, 877 F.3d 539 (4th Cir. 2017) ("In sum, the 'deliberate indifference' defined by *Farmer* may be characterized by three components: (1) the subjective knowledge of a substantial risk of serious harm; (2) the conscious disregard of that risk; and (3) the absence of intent to cause the harm risked. More concisely, *Farmer* defines deliberate indifference as the *intentional* taking of a risk that the defendant knows *might cause harm* while *lacking any intent to cause such harm*.") (original emphasis).

To assert a viable § 1983 claim against a particular public official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific

6

conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (finding for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights).

Plaintiff has failed to allege Sheriff, Officer, Captain, and Lieutenant were deliberately indifferent to his constitutional rights. Therefore, Plaintiff's complaint is subject to summary dismissal as to Sheriff, Officer, Captain, and Lieutenant.

    2.  Deliberate Indifference to Plaintiff's Serious Medical Needs

Pretrial detainees have the right to receive adequate medical care while incarcerated. *See Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016). To establish a violation, Plaintiff must show Defendants exhibited "deliberate indifference" to his "serious medical needs." *Farmer*, 511 U.S. at 835; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The same standard applies to both physical and mental medical needs. *See DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977). A claim of

7

deliberate medical indifference requires more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To state a claim under § 1983 for deliberate indifference to serious medical needs, a prisoner must show that he had a serious medical need, and that officials knowingly disregarded that need and the substantial risk it posed. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–11 (4th Cir. 2017). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them. *See Scinto*, 841 F.3d at 225–26.

Plaintiff has failed to assert sufficient facts to support a claim of deliberate indifference to his serious medical needs against Nurse and Doctor. Therefore, Plaintiff's complaint is subject to summary dismissal as to Nurse and Doctor.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by September 20, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation

8

and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

August 30, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge